ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:26-cr-00099-P |
| ELISEO MORALES-TAPIA a/k/a "Victorino Saavedr-Martinez" | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Eliseo Morales-Tapia, a/k/a Victorino Saavedr-Martinez ("Defendant"), Eduardo Carranza, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1.   Rights of Defendant: Defendant understands that Defendant has the right

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have Defendant's guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and

    e.   against compelled self-incrimination.

2.   Waiver of Rights and Plea of Guilty:   Defendant waives these rights and pleads guilty to the offenses alleged in Counts One, Two, Three, and Four in the Superseding Information, charging a violation of 18 U.S.C. § 1028A(a)(1), that is, Aggravated Identity Theft, 18 U.S.C. § 611, that is, Voting by an Alien in a Federal Election, 18 U.S.C. § 1015(f), that is, False Statements of Citizenship in Order to

Plea Agreement – Page 1

Register to Vote, and 18 U.S.C. § 1028(a)(7) and (b)(1)(D), that is, Identity Theft.

Defendant understands the nature and elements of the crimes to which Defendant is

pleading guilty, and agrees that the factual resume Defendant has signed is true and will

be submitted as evidence.

3.    Sentence:

The penalties the Court can impose on **Count One** include:

i.    a mandatory term of imprisonment of two years, to run consecutively to any other term of imprisonment imposed by the Court;

ii.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

iii.  a term of supervised release not to exceed three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

iv.   a mandatory special assessment of $100;

v.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

vi.   forfeiture; and

vii.  costs of incarceration and supervision.

The penalties the Court can impose on **Count Two** include:

i.    imprisonment for a period not to exceed one (1) year;

ii.   a fine not to exceed $100,000;

iii.  a term of supervised release not to exceed one (1) year, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates

Plea Agreement – Page 2

any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

iv.    a mandatory special assessment of $100;

v.    restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

vi.    costs of incarceration and supervision;

The penalties the Court can impose on **Count Three** include:

i.    imprisonment for a period not to exceed five (5) years;

ii.    a fine not to exceed $250,000;

iii.    a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

iv.    a mandatory special assessment of $100;

v.    restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

vi.    costs of incarceration and supervision;

The penalties the Court can impose on **Count Four** include:

i.    imprisonment for a period not to exceed fifteen (15) years;

ii.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

iii.    a term of supervised release not to exceed three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

Plea Agreement – Page 3

iv.    a mandatory special assessment of $100;

v.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

vi.    forfeiture; and

vii.    costs of incarceration and supervision.

4.    <u>Immigration consequences</u>: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.    <u>Court's Sentencing Discretion and Role of the Guidelines</u>: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court

**Plea Agreement – Page 4**

but are advisory only.   Defendant has reviewed the guidelines with Defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected.   Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the Court's discretion. Additionally, Defendant understands and agrees under Section 1B1.2(c) of the sentencing guidelines that, in determining a fair and just sentence, the Court has the authority and discretion, under 18 U.S.C. §§ 3553 and 3661 and Section 1B1.3 of the sentencing guidelines to consider any and all "relevant conduct," including any overt acts, that the defendant was involved in during the course of the conspiracy even if not expressly admitted to in the factual resume, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

6.    Mandatory special assessment:   Defendant agrees to pay to the U.S. District Clerk the amount of $100.00 per count of conviction, in satisfaction of the mandatory special assessment in this case.

7.    Defendant's agreement: Defendant shall give complete and truthful information and/or testimony concerning Defendant's participation in the offenses of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding Defendant's capacity to satisfy any fines or restitution.

Plea Agreement – Page 5

8.    Financial Obligations: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately.   In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.   The defendant further agrees as follows:

  a.  The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

  b.  The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

  c.  The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9.    Restitution: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offenses of

Plea Agreement – Page 6

conviction and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this paragraph, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range.    The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability.    The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10.    Forfeiture of property: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1028(b). The defendant further agrees that all property seized in connection with the identity theft offenses is property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offenses or it is personal property used or intended to be used to commit the offenses and is

Plea Agreement – Page 7

therefore subject to forfeiture. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government,its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11. Government's Agreement: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty. After sentence is imposed, the government will move to dismiss any remaining counts against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

12. Violation of Agreement: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant

Plea Agreement – Page 8

waives objection to the use against Defendant of any information or statements he has provided to Government and any resulting leads.

13.   Voluntary Plea:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.   Waiver of right to appeal or otherwise challenge sentence: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from Defendant's conviction, sentence, fine, and order of forfeiture if any. Defendant further waives Defendant's right to contest Defendant's conviction, sentence, fine, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15.   Representation of Counsel:   Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's lawyer and is fully satisfied with that lawyer's legal representation.   Defendant has received from Defendant's lawyer explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to

Plea Agreement – Page 9

Defendant other than entering into this agreement.   Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's lawyer, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

16.    Entirety of Agreement:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

*[remainder of page intentionally left blank]*

AGREED TO AND SIGNED this ___21___ day of ___May___, 2026.


RYAN RAYBOULD
UNITED STATES ATTORNEY


_Morales-tapir E_
ELISEO MORALES-TAPIA,
a/k/a Victorino Saavedr-Martinez
Defendant

_Matth Capoccia_
MATTHEW CAPOCCIA
Assistant United States Attorney
Texas State Bar No. 24121526
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:    (817) 252-5200
Facsimile:    (817) 252-5455


_EC_
EDUARDO CARRANZA
Attorney for Defendant

_Shawn Smith for_
SHAWN SMITH
Deputy Branch Chief


I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.


_Morales Tapir E_
ELISEO MORALES-TAPIA,
a/k/a Victorino Saavedr-Martinez
Defendant

_5/14/26_
Date


I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_Eduardo Carranza_
EDUARDO CARRANZA
Attorney for Defendant

_5/14/26_
Date


Plea Agreement – Page 11