ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No. 4:26-cr-00099-P

ELISEO MORALES-TAPIA
a/k/a "Victorino Saavedr-Martinez"

## FACTUAL RESUME

PLEA: The defendant is pleading guilty to Counts One, Two, Three, and Four of the Superseding Information, as follows:

    i. **Count One** charges Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

    ii. **Count Two** charges Voting by an Alien in a Federal Election, in violation of 18 U.S.C. § 611.

    iii. **Count Three** charges False Statements of Citizenship in Order to Register to Vote, in violation of 18 U.S.C. § 1015(f).

    iv. **Count Four** charges Identity Theft, in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D).

MAXIMUM PENALTY:

The maximum penalties the Court can impose on **Count One** include:

    i. a mandatory term of imprisonment of two years, to run consecutively to any other term of imprisonment imposed by the Court;

    ii. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    iii. a term of supervised release not to exceed three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and

**Factual Resume – Page 1**

require that the defendant serve any or all of such term as an additional period of confinement;

iv.  a mandatory special assessment of $100;

v.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

vi.  forfeiture; and

vii.  costs of incarceration and supervision.

The maximum penalties the Court can impose on **Count Two** include:

i.  imprisonment for a period not to exceed one (1) year;

ii.  a fine not to exceed $100,000;

iii.  a term of supervised release not to exceed one (1) year, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

iv.  a mandatory special assessment of $100;

v.  restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

vi.  costs of incarceration and supervision;

The penalties the Court can impose on **Count Three** include:

i.  imprisonment for a period not to exceed five (5) years;

ii.  a fine not to exceed $250,000;

iii.  a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

**Factual Resume – Page 2**

    iv.  a mandatory special assessment of $100;

    v.  restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    vi.  costs of incarceration and supervision;

The penalties the Court can impose on **Count Four** include:

    i.  imprisonment for a period not to exceed fifteen (15) years;

    ii.  a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    iii.  a term of supervised release not to exceed three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

    iv.  a mandatory special assessment of $100;

    v.  restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct;

    vi.  forfeiture; and

    vii.  costs of incarceration and supervision.

<u>ELEMENTS OF THE OFFENSES</u>:

The essential elements which must be proved beyond a reasonable doubt to establish the offense charged in **Count One**[1]  of the Superseding Information are as follows:

<u>First:</u>      That the defendant knowingly transferred, possessed, or used a means of identification of another person;

<u>Second:</u>    That the defendant did so without lawful authority;

<u>Third:</u>     That the defendant transferred, possessed, or used the means of

---

[1] *See* Pattern Jury Instructions: Fifth Circuit (Criminal) § 2.48C (2024).

**Factual Resume – Page 3**

identification of another person during and in relation to an enumerated offense under § 1028A(c), including False Statement in Application and Use of Passport, in violation of 18 U.S.C. § 1542.

Fourth:     That the defendant knew that the means of identification in fact belonged to another real person, living or dead.

The essential elements which must be proved beyond a reasonable doubt to establish the offense charged in **Count Two**[2] of the Superseding Information are as follows:

First:     That there was an election for federal office;

Second:     That the defendant voted in the election; and

Third:     That the defendant is an alien.

The essential elements which must be proved beyond a reasonable doubt to establish the offense charged in **Count Three**[3] of the Superseding Information are as follows:

First:     The defendant was an alien; and

Second:     The defendant knowingly made a false claim to be a citizen of the United States in order to register to vote or vote in a Federal, state, or local election.

The essential elements which must be proved beyond a reasonable doubt to establish the offense charged in **Count Four**[4] of the Superseding Information are as follows:

First:     The defendant knowingly transferred, possessed, or used, a means of identification of another person;

Second:     That the defendant acted without lawful authority;

Third:     That the defendant acted with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

---

[2] *See United States v. Knight*, 490 F.3d 1268, 1271 (11th Cir. 2007).
[3] *See* Pattern Jury Instructions: Seventh Circuit (Criminal) at 461 (2023).
[4] *See United States v. Ricard*, 922 F.3d 639, 649 (5th Cir. 2019).
**Factual Resume – Page 4**

STIPULATED FACTS:

Defendant **Eliseo Morales-Tapia, a/k/a Victorino Saavedr-Martinez ("Morales Tapia")** is a national of Mexico with no legal status in the United States. Beginning in around 2008, **Morales-Tapia** took on the identity of an American citizen, herein referred to as "Individual A," without Individual A's permission. At all relevant times, **Morales-Tapia** knew that he was not Individual A and that Individual A was a real person, living or dead. **Morales-Tapia** lived in the Fort Worth Division of the Northern District of Texas.

Using Individual A's identity—including specifically his name, date of birth, and social security number—**Morales-Tapia** obtained employment in Texas. **Morales-Tapia** earned over $60,000 in income annually in each of 2023, 2024, and 2025 using Individual A's identity. Morales-Tapia also obtained tax refunds to which Individual A was entitled, and he received other payments from the Internal Revenue Service—such as a COVID relief payment—to which Individual A was also entitled. The proceeds from **Morales-Tapia**'s use of Individual A's identity were received in the Fort Worth Division of the Northern District of Texas.

On or about November 30, 2015, **Morales-Tapia**, claiming to be Individual A and using Individual A's social security number and date of birth, submitted an Application for a U.S. Passport using a form DS-11 to the U.S. Department of State. **Morales-Tapia** affirmed under penalty of perjury that (1) he was a citizen or non-citizen national of the United States, (2) the statements made in the application were true and correct, (3) that he did not knowingly or willfully make false statements or include false documents in support of the application, and (4) that he had read the warning stating that it is a criminal offense to include knowingly and willfully false statements in support of the application.

On or about November 5, 2024, in the Fort Worth Division of the Northern District of Texas, **Morales-Tapia**, using the identity of Individual A, voted in the general and special elections held in Tarrant County. The 2024 general election included an election for the offices of President and Vice President of the United States.

On January 25, 2025, in the Fort Worth Division of the Northern District of Texas, **Morales-Tapia**, claiming to be Individual A and using Individual A's social security number and date of birth, submitted a U.S. Passport Renewal Application using form DS-82 to the U.S. Department of State. **Morales-Tapia** again affirmed under penalty of perjury that (1) he was a citizen or non-citizen national of the United States, (2) the statements made in the application were true and correct, (3) that he did not knowingly or willfully make false statements or include false documents in support of the application,

**Factual Resume – Page 5**

and (4) that he had read the warning stating that it is a criminal offense to include knowingly and willfully false statements in support of the application.

On or about October 3, 2025, in the Fort Worth Division of the Northern District of Texas, **Morales-Tapias**, claiming to be Individual A and using Individual A's social security number and date of birth, registered to vote again when applying for a Texas driver license.   He again checked the boxes indicating he was a United States citizen and that, as a United States citizen, he wanted to register to vote.

SIGNED this _____14_____ day of _____May_____, 2026.

_____
EDUARDO CARRANZA
Attorney for Defendant

_____
ELISEO MORALES-TAPIA, a/k/a
Victorino Saavedr-Martinez
Defendant

**Factual Resume – Page 6**